# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Andrew Johnson, | Civ. No. 20-2233 (MJD/KMM) |
| Plaintiff, | |
| v. | |
| Officer Vert, et al., | **ANSWER** |
| | **JURY TRIAL DEMANDED** |
| Defendants. | |

For its Answer to Plaintiff's Complaint, Defendants state and allege as follows:

Except as admitted or otherwise pleaded herein, Defendants deny each and every matter, allegation and thing in Plaintiff's Complaint.

1. Paragraphs 1-2 are legal conclusions not susceptible to admission or denial in a pleading. To the extent the paragraphs allege Defendants' liability, they are denied.

2. Defendants are without sufficient information to confirm or deny paragraph 3 of the Complaint and it is therefore denied.

3. Defendants admit paragraphs 4-8 of the Complaint, except that one of the officer's name is Jacod Weess, not Weis.

4. Paragraphs 9 is not susceptible to admission or denial in a pleading. To the extent the paragraph alleges Defendants' liability, they are denied.

5. Defendants are without sufficient information to confirm or deny paragraphs 10-27 of the Complaint and they are therefore denied.

6. Defendants admit paragraph 28.

7. Defendants deny paragraphs 29-30 in that no deadly force was used, Defendants are without sufficient information to confirm or deny the remaining allegations in the paragraphs f the Complaint and they are therefore denied.

8. Defendants admit paragraph 31.

9. Defendants deny paragraph 32.

10. Defendants admit paragraphs 33-34.

11. Defendants are without sufficient information to confirm or deny paragraphs 35-50 of the Complaint and they are therefore denied.

12. Defendants deny paragraphs 51-64.

13. A known reliable bouncer working in area of Plaintiff's seizure, who has provided verified information in the past, informed officers that a person with a description precisely matching Plaintiff's companion had placed a pistol in his waistband.

14. The area where Plaintiff was seized is a high-crime area overwhelmed with firearm shootings. This is especially true on a Saturday night, just before midnight, when Plaintiff was stopped.

# AFFIRMATIVE DEFENSES

1. Defendants affirmatively allege that its liability, if any, which it expressly denied, is limited by Minn. Stat. § 466.04. Defendants affirmatively allege that it has statutory immunity from liability in this action, established, in part, under the provisions of Minn. Stat. §§ 466.03 and 466.04.

2. Defendants affirmatively allege that, at all times relevant to the Complaint, Defendants are and were protected by official immunity, statutory immunity, qualified immunity, vicarious official immunity, and/or legislative immunity, and/or any other applicable immunity. Specifically, Defendants must make difficult decisions pertaining to its data practices responsibilities and the deployment of very limited government resources, as it receives requests for more data than it currently has staff to provide within the time frames contemplated in the data practices statutes in Minnesota. Such decisions are discretionary in nature and thus provide discretionary immunity to Defendants.

3. Defendants deny that its actions were in any way illegal, invalid, unreasonable, capricious, or arbitrary.

4. Defendants did not abuse their discretion in performing any functions or duties. Defendants affirmatively allege that the acts upon which the Complaint are made were privileged, were commanded or authorized by

law, or were done in a reasonable and lawful manner under the circumstances, such that the Defendants are immune from liability in this action.

5. Plaintiff is not entitled to monetary damages.

6. Plaintiff failed to mitigate its damages, if any.

7. Plaintiffs failed to exhaust administrative remedies.

8. Plaintiff's claims also may be barred by affirmative defenses contemplated by Rule 12.02 of the Minnesota Rules of Civil Procedure which are not specifically set forth above. The extent to which the Complaint's claims may be barred by one or more of said affirmative defenses cannot be determined at this time. Pending further discovery, Defendants allege and incorporate all such affirmative defenses set forth in Minn. R. Civ. P. 12.02.

DEFENDANTS HEREBY DEMAND A JURY TRIAL.

**WHEREFORE**, Defendants pray for an Order of this Court as follows:

1. Dismissing Plaintiff's Complaint on the merits and with prejudice in its entirety;

2. Awarding Defendants all reasonable costs, disbursements and attorneys' fees to the fullest extent allowed by law; and

3. For such other and further relief as this Court deems appropriate.

Dated: December 7, 2020         JAMES R. ROWADER, JR.
                                City Attorney
                                By
                                */S/ BRIAN S. CARTER*
                                BRIAN S. CARTER
                                Assistant City Attorney
                                Attorney Reg No.
                                Attorneys for Defendants
                                Room 210, City Hall
                                350 South Fifth Street
                                Minneapolis, MN  55415
                                (612) 673-2063